Memorandum: The order appealed from should be reversed and a new trial granted, with costs to abide the event. The action is for personal injury against the manufacturer of a machine used in an industrial plant. Plaintiff was injured due to a malfunction of the machine. A witness whose specialized education, and experience over many years, qualified him prima facie as an expert in the design of safety equipment on simila machinery testified to an opinion that the design of the safety protection in the machine was inadequate. This testimony was stricken out by the Trial Judge because he “ reluctantly reached the conclusion ” that the witness was not qualified. With this testimony stricken, the court regarded the record as insufficient to make out a case and he dismissed the complaint on defendant’s motion at the end of plaintiff’s proof. In our view the proof of qualification was sufficient to sustain the admissibility of the opinion of the expert.
 

 Chief Judge Desmond and Judges Dye, Fuld and Bergan concur in Memorandum; Judges Van Yoorhis, Burke and Scileppi dissent and vote to affirm in the following memorandum: We would affirm. In our opinion, the record discloses that the witness produced by plaintiff as an expert lacked the necessary qualifications. Therefore, the trial court did not abuse its discretion in striking the testimony of this witness (see McCor
 
 *944
 
 mick, Evidence, ch. 3, § 13; Richardson, Evidence [9th ed.], § 388). Even if he were properly qualified, the expert did not supply descriptive facts, but merely stated his conclusions on the adequacy of the design of the machine. Consequently, the trial court was correct in striking the expert’s conclusions
 
 (Dougherty
 
 v.
 
 Milliken,
 
 163 N. Y. 527).
 

 Order reversed, etc.